UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DESERIE MICHEL, on behalf of herself and all others similarly situated,

                                Plaintiff,

                   -against-

PETCO ANIMAL SUPPLIES STORES, INC., and PETCO HOLDINGS, INC.,

                                Defendants.

**MEMORANDUM OF DECISION AND ORDER**

16-cv-1838 (LDH) (PK)

------------------------------------------------------------------------ x

LASHANN DEARCY HALL, United States District Judge:

      Plaintiff Deserie Michel brings the instant action against Defendants Petco Animal Supplies Stores, Inc. and Petco Holdings, Inc. (collectively, "Petco" or "Defendants") on behalf of a purported class of Assistant Store Managers at Petco in New York, alleging violations of the New York Labor Law ("NYLL").

## BACKGROUND

### I.    The *Kellgren* Action

      *Kellgren v. Petco*, which is pending in the Southern District of California, is a nationwide Fair Labor Standards Act ("FLSA") collective action brought by Assistant Store Managers at Petco against Petco Animal Supplies, Inc., Petco Holdings, Inc., and "Does 1 to 100." (*See* Am. Compl. ¶ Introduction, *Kellgren v. Petco*, No. 13-cv-644 (S.D. Cal.), ECF No. 20. ("*Kellgren* Compl.").) The *Kellgren* complaint alleges that the defendants improperly classified Assistant Store Managers as exempt from overtime pay and accordingly failed to pay proper overtime wages. (*Id.* ¶¶ 34-36.) The *Kellgren* complaint alleges only violations of the FLSA. (*Id.* ¶¶ 47-59.) Discovery in *Kellgren* is still progressing and is scheduled to be completed by August 2,

2017. (Second Am. Scheduling Order, *Kellgren v. Petco*, No. 13-cv-644 (S.D. Cal.), ECF No. 184.) One hundred and fifty-eight New York Assistant Store Managers were sent a notice and consent form to join the *Kellgren* action. (Reply Decl. of Maneker ¶ 10, ECF No. 26-1.) Thirty-three individuals chose to opt in, including Michel. (*Id.*; *see* Notice of Filing Consents to Become Party Plaintiffs, *Kellgren v. Petco*, No. 13-cv-644 (S.D. Cal.), ECF No. 118.)

## II. The Instant Action

Michel filed the instant complaint on April 14, 2016, two weeks after she opted into the *Kellgren* case on March 31, 2016. (Compl., ECF No. 1 ("*Michel* Compl."); *see* Notice of Filing Consents to Become Party Plaintiffs, *Kellgren v. Petco*, No. 13-cv-644.) Michel was employed by Defendants from September 2013 to February 2015 as an Assistant Store Manager at a Petco store in Brooklyn, New York. (*Michel* Compl. ¶ 2.) Michel alleges that Defendants improperly classified Assistant Store Managers as exempt from the overtime pay requirements of the NYLL, resulting in a failure to pay overtime wages. (*Id.* ¶¶ 25, 41-45.) In addition, Michel alleges that Defendants failed to comply with the NYLL's wage statement and record-keeping requirements. (*Id.* ¶¶ 46-53.) The complaint is limited to New York state law claims and does not allege any violations of the FLSA. On September 15, 2016, Defendants moved to dismiss the complaint or, in the alternative, to transfer the case to the Southern District of California or stay the case. (Defs.' Notice of Mot., ECF No. 24.) Defendants' motion to dismiss or stay the case is denied.[1] For the reasons discussed below, Defendants' motion to transfer the case is granted.

---

[1] A stay would not be appropriate in this case because "[r]etaining jurisdiction for subsequent adjudication of the instant action would unnecessarily require the Court to reexamine parallel issues" that will be raised in the *Kellgren* case. *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 247 (E.D.N.Y. 2012). Such a re-examination would be a waste of the parties' time and the Court's resources. The Court declines to dismiss the case pursuant to the first-filed rule out of its concern that the thirty-seven purported New York Plaintiffs who did not have the opportunity to opt into the *Kellgren* case will lose the opportunity to have their claims heard.

## DISCUSSION

I. **Legal Standard**

A court typically evaluates a motion to transfer under 28 U.S.C. § 1404 under a two-pronged inquiry. *First*, the court must determine whether the proposed venue is proper. That is, "whether the action sought to be transferred is one that 'might have been brought' in the district court in which the movant seeks to have the case litigated." *Blechman v. Ideal Health, Inc.*, 668 F. Supp. 2d 399, 403 (E.D.N.Y. 2009) (quoting *Frasca v. Yaw*, 787 F. Supp. 327, 330 (E.D.N.Y. 1992)).

*Second*, if the proposed venue is proper, the court considers "whether the transfer will serve the convenience of witnesses and parties and is in the interests of justice." *Id.* In making this second inquiry, the court takes into account several factors, including: (1) the convenience of the parties; (2) the convenience of witnesses; (3) the relative means of the parties; (4) the locus of operative facts and relative ease of access to sources of proof; (5) the attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and (10) trial efficiency and how best to serve the interests of justice, based on an assessment of the totality of material circumstances. *Id.* (collecting cases and outlining factors for fairness analysis). None of these factors are singularly dispositive, and the court has "broad discretion in determining whether transfer is warranted." *Id.; see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions to transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."); *Am. Steamship Owners Mut. Prot. and Indem. Ass'n, Inc. v. Lafarge North Am., Inc.*, 474 F. Supp. 2d 474, 480 (S.D.N.Y. 2007) ("'There is no rigid formula

for balancing these factors and no single one of them is determinative' in what is 'essentially an equitable task left to the Court's discretion.'"). The party moving for a change of venue bears the burden to clearly establish that transfer is appropriate. *Longo v. Wal-Mart Stores, Inc.*, 79 F. Supp. 2d 169, 170 (E.D.N.Y. 1999).

However, when more than one court has concurrent jurisdiction over an action involving the same parties and issues, a threshold inquiry will be made under the "first-filed rule." *Blechman*, 668 F. Supp. 2d at 404 (outlining first-filed rule). The first-filed rule is a "well-settled legal doctrine, instructing that 'where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" *Wyler-Wittenberg.*, 899 F. Supp. 2d at 243 (quoting *First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). This approach "enables courts to prevent 'duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue.'" *Id*. (quoting *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995)). The burden of showing such special circumstances or balance of convenience is on the party seeking to proceed with the second action. *Quality King Distribs., Inc. v. KMS Research, Inc.*, 946 F. Supp. 233, 237 (E.D.N.Y. 1996).

## II. Analysis

### a. The First Filed Rule Favors Transfer

The first-filed rule favors transfer in this case. *Kellgren* is the first-filed action. Proper application of the first-filed rule requires that the first and subsequently filed cases have substantially similar—but not identical—parties and claims. *Wyler-Wittenberg*, 899 F. Supp. 2d at 244, 249 (citing *Spotless Enters. Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205-06

4

(E.D.N.Y. 2006)) ("[A]pplication of the rule does not require identical parties in the cases, but merely requires 'substantial overlap.'"). These requirements are met in this case.

*First*, the parties substantially overlap. Michel is a plaintiff in both cases, and Petco Animal Supplies, Inc. and Petco Animal Holdings, Inc. are the defendants in both cases. (*Compare Michel* Compl., *with Kellgren* Compl. *and* Notice of Filing Consents to Become Party Plaintiffs, *Kellgren v. Petco*, No. 13-cv-644.) Both *Michel* and *Kellgren* are brought on behalf of Assistant Store Managers at Petco. (*Michel* Compl. ¶¶ Introduction, 16; *Kellgren* Compl. ¶ 1.) Although the putative class in the instant case is limited to Assistant Store Managers in New York, *Kellgren* is a collective action brought on behalf of current and former Assistant Store Managers nationwide. (*Michel* Compl. ¶¶ Introduction, 16; *Kellgren* Compl. ¶ 1.) Indeed, one hundred and fifty-eight of one hundred and ninety-five putative class members in the instant case were served with a notice and consent form in *Kellgren*. (Maneker Reply Decl. ¶ 10.) Thirty-three of those individuals opted into that action. (*Id.*) It follows, then, that *Kellgren's* nationwide collective class covers a substantial proportion of the putative class members in the instant case. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 244 (finding "vast similarities" among the individual plaintiffs in the putative collective and class actions because each plaintiff had a similar job title and worked for the same defendant employer, even though seventy-five plaintiffs who opted in to second-filed action were not plaintiffs in first-filed case); *Fisher v. Rite Aid Corp.*, No. 09-cv-1909, 2010 WL 2332101, at *2 (D. Md. June 8, 2010) ("Although the classes in the two cases may eventually include different individuals, each class is similarly defined to include current and former assistant managers of [defendant-corporation]."). Accordingly, the parties sufficiently overlap under the first-filed rule.

*Second*, *Kellgren* and the instant case involve substantially similar claims. The *Kellgren* complaint consists of one cause of action regarding the failure to pay overtime wages. (*Kellgren* Compl. ¶¶ 47-59.) The instant complaint consists of two causes of action: failure to pay overtime wages under the NYLL and failure to comply with the NYLL's record-keeping requirements. (*Michel* Compl. ¶¶ 41-45, 46-53.) The core inquiry of the two cases concerns whether Petco violated labor laws by misclassifying their Assistant Store Managers as exempt from overtime requirements and thereby failing to compensate them for overtime. Indeed, courts analyzing NYLL overtime claims have applied the same analysis used to evaluate FLSA overtime claims due to the substantial similarity in their provisions. *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011)) (noting that, as the state analogue to the federal FLSA, the NYLL largely mirrors the FLSA in compensation provisions regarding minimum hourly wages and overtime); *see also Lloyd v. J.P. Morgan Chase & Co.*, No. 11-cv-9305, 2012 WL 3339045, at *2 (S.D.N.Y. Aug. 14, 2012) ("Courts that transfer wage and hour actions under the first-filed rule generally do so when the collective identified in a state-law based second-filed action falls within the scope of a nationwide FLSA collective asserted in the first-filed action."). Based on the allegations raised in both complaints, the Court finds that the two actions raise substantially similar claims.

Plaintiff argues against this conclusion, contending that the claims in the instant case are not substantially similar to those alleged in *Kellgren*. Plaintiff primarily relies on the fact that the alleged NYLL wage notice and record-keeping violations at issue in the instant case have no counterpart under the FLSA and are not at issue in *Kellgren*. (Pl. Mem. Law in Opp. to Mot. to Dismiss, Stay, or Transfer Action 6, ECF No. 25.) However, the *Kellgren* complaint contains

factual allegations that are identical to Plaintiff's NYLL recordkeeping claim. Specifically, the *Kellgren* complaint states that, "Defendants' willful violations of the FLSA are further demonstrated by the fact that throughout the Collective Action Period and continuing to the present, Defendants failed to maintain accurate and sufficient time records[.]" (*Kellgren* Compl. ¶ 41.) This language is remarkably similar to the language that Michel uses in the instant complaint: "Throughout the relevant time periods, including during Plaintiff's own employment, Defendants failed to maintain accurate and sufficient time records, as required by the NYLL." (*Michel* Compl. ¶ 40.) Plaintiff's argument is simply unpersuasive.

### b. The Balance of Convenience Favors Transfer

Having determined that the first-filed rule favors transfer, the Court must still assess whether countervailing factors articulated under 28 U.S.C. § 1404 require the denial of transfer. *See Blechman*, 668 F. Supp. 2d at 404 ("[I]f 'there are countervailing factors, transfer may be denied even if the existence of a pending related action in the proposed transferee district would otherwise favor transfer.'" (quoting *Am. Steamship Owners Mut. Prot. and Indem. Ass'n, Inc.*, 474 F. Supp. 2d at 482)). As a threshold issue, there is no dispute that this action could have been brought in the Southern District of California. A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located. 28 U.S.C. § 1391(b)(1); *see also Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp. 2d 313, 318 (E.D.N.Y. 2010) (finding, for purposes of transfer analysis, that action could have been brought in District of New Jersey because defendant's principal place of business was in New Jersey). Defendants reside within the Southern District of California, with their principal place of business in San Diego. (*Michel* Compl. ¶ 4.) Accordingly, the Court is satisfied that Michel could have filed her complaint in the Southern District of California in the first instance.

Further, countervailing factors do not require that transfer be denied in this case. As to the convenience to the parties, Plaintiff argues that she will be inconvenienced if the case is transferred to the Southern District of California. (Pl.'s Opp. 16-17.) It is true that a plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless other factors weigh strongly in favor of transfer. *Wyler-Wittenberg*, 899 F. Supp. 2d at 249. However, Plaintiff's argument is unavailing because she opted into the *Kellgren* litigation in advance of filing the instant complaint. *See Mazzatini v. Rite Aid Corp.*, 829 F. Supp. 2d 9, 11 (D. Mass. 2011) ("The claim by Plaintiff that she would be inconvenienced by having to travel to Pennsylvania rings hollow, given that she herself opted into [the first-filed case] in Pennsylvania as a plaintiff long before she even filed this lawsuit.") Further, the presumption favoring a plaintiff's chosen forum has been afforded little weight in situations where, as here, the first-filed rule favors litigation in the forum in which the first suit was brought. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 249 ("[B]ecause the 'first-filed' rule favors litigation in the forum in which the first suit is brought, the Court finds that [plaintiff's] choice of forum is not entitled to substantial weight.")

The Court is also unpersuaded by Plaintiff's argument that a federal court in New York is in a substantially better position to interpret New York law than a federal court in California. (*See* Pl. Opp. 16.) The NYLL "is not overly complex so as to unduly burden the California district court." *Wyler-Wittenberg*, 899 F. Supp. 2d at 249. As to the relative means of the parties, the parties have not provided the Court with evidence of this factor. However, the Court finds it fair to assume that, as Defendants are corporate entities and Plaintiffs are individual employees thereof, this factor weighs against transfer. The question of the locus of the operative

facts, witnesses and evidence are factual issues in dispute, and as such, the Court cannot make a determination as to this factor.

The factor of trial efficiency and how best to serve the interest of justice weighs strongly in favor of transfer. The instant case is still in its early stages, and discovery in *Kellgren* has been underway for a significant time. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 250 (early stage of second-filed case weighed in favor of transfer). Further, because discovery is not scheduled to close in *Kellgren* until August 2017, Plaintiff and her fellow purported class members will have ample time to participate in the discovery process. No economies would be gained by requiring the parties to conduct duplicative discovery and dispositive motion practice in two different district courts.

In light of the application of the first-filed rule and based upon the totality of the circumstances, transfer is appropriate.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, stay, or transfer the case is granted. The case is transferred to the Southern District of California.

SO ORDERED:

 /s/ LDH               
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
       May 18, 2017